The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

John W. **PARGA**, Defendant–Appellant.

No. 96CA1425.

Colorado Court of Appeals,
Div. I.

Feb. 5, 1998.

As Modified on Denial of Rehearing
March 5, 1998.

Certiorari Denied Oct. 19, 1998.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Lauren A. Edelstein, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Ellen Eggleston, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge DAVIDSON.

Defendant, John W. Parga, appeals from the judgments of conviction entered upon jury verdicts finding him guilty of driving after judgment prohibited and speeding. Because the jury was improperly instructed on the culpable mental state of driving after judgment prohibited, we reverse that conviction and remand for a new trial.

Defendant was stopped for speeding. When the officer asked to see defendant's driver's license, defendant told him that it had been "suspended." Upon checking with dispatch, the officer discovered that defendant's license had been revoked as an habitual traffic offender.

Defendant was charged with driving after revocation prohibited, a class 6 felony. See § 42–2–206(1), C.R.S.1997. Although a *mens rea* element is not explicitly set forth in that statute, knowledge of the order of revocation as an habitual offender is an essential element of the offense. *People v. Lesh,* 668 P.2d 1362 (Colo.1983).

At trial, the jury was instructed properly that it was permitted to infer that defendant had knowledge of the fact of revocation as an habitual offender from evidence that the notice of revocation had been duly mailed to defendant's address. And, the jury was specifically instructed that such proof of mailing does not prove the knowledge requirement beyond a reasonable doubt. *See Jolly v. People,* 742 P.2d 891 (Colo.1987).

However, over defendant's objection, the jury was further instructed that defendant could be convicted, not only if he actually knew that his license had been revoked, but also if a reasonable person in defendant's position would have known that his license was under revocation as an habitual offender. Defendant was convicted as charged.

### I.

On appeal, defendant contends that instructing the jury that he could be convicted based on constructive knowledge of the fact that his license was under revocation as an habitual offender was reversible error. We agree.

To be convicted of the felony of driving after judgment prohibited, § 42-2-206, C.R.S.1997, a defendant must know of the fact of revocation as an habitual offender. *See People v. Lesh, supra; Jolly v. People, supra* (notice requirement in § 42-2-206(1) refers to the culpable mental state of "knowingly").

Pursuant to § 18-1-501(6), C.R.S.1997, a person acts with knowledge, or knowingly, with respect to conduct or to a circumstance described by statutes defining an offense, when he or she is aware that his or her conduct is of that nature or that such circumstances exist, and the jury must be instructed to that effect. "What is required, therefore, is direct or circumstantial evidence [sufficient] to permit a reasonable factfinder to conclude beyond a reasonable doubt that the defendant had knowledge of the fact of revocation at the time of the driving offense in question." *Jolly v. People, supra,* 742 P.2d at 896.

Here, however, the jury was instructed:

As to the charge of Driving After Judgment Prohibited, only, NOTICE or KNOWLEDGE means actual knowledge from whatever source or knowledge of circumstances sufficient to cause a reasonable person to be aware that such person's license or privilege to drive was under revocation as an habitual traffic offender.

According to the record, this instruction was adapted from the definition of "knowledge" set forth in the misdemeanor driving under restraint statute, which permits a conviction based on proof of constructive knowledge. *See* § 42-2-138(4)(a), C.R.S.1997. At trial, the prosecution argued, and the trial court agreed, that it was appropriate to define similarly the culpable mental state of knowledge required for a felony conviction under § 42-2-206(1). We disagree, and conclude that the constructive knowledge definition contained in the misdemeanor driving under restraint statute was inapplicable here.

Like § 42-2-206(1), the predecessor to the misdemeanor driving under restraint statute had no explicit *mens rea* requirement. In *Jolly v. People, supra,* the supreme court held that the culpable mental state of "knowingly," held applicable in *People v. Lesh,*

*supra,* to § 42-2-206(1), applied also to the misdemeanor driving under restraint statute.

Subsequently, in 1993, the General Assembly amended the driving under restraint statute and explicitly added to it a definition of the culpable mental state. By virtue of that amendment, the statute, § 42-2-138, C.R.S. 1997, now states:

(4) For purposes of this section, the following definitions shall apply:

(a) . . . actual knowledge of any restraint from whatever source, or knowledge of circumstances sufficient to cause a reasonable person to be aware that such person's license or privilege to drive was under restraint. "Knowledge" does not mean knowledge of a particular restraint or knowledge of the duration of restraint.

*See* Colo. Sess. Laws 1993, ch. 207 at 938-9.

Significantly, however, the General Assembly has not similarly amended § 42-2-206(1).

Although the People acknowledge that there is no comparable constructive knowledge definition in § 42-2-206(1), they argue that the offenses are so similar that "it would be incongruous to suggest that the definition of knowledge from one provision is inapplicable to the other." We disagree.

First, we note that driving after judgment prohibited is a felony offense and driving under restraint is a misdemeanor. Thus, we infer that the General Assembly determined it appropriate to require proof that the defendant had actual knowledge of an habitual traffic offender revocation in order to take account of the more severe penalties and collateral consequences pertaining to a felony offense.

Moreover, by its plain terms, the definition of "knowledge" set forth in § 42-2-138(4)(a), C.R.S.1997, is to be applied only "for purposes of [that] section."

Furthermore, we must presume that the General Assembly, in amending the misdemeanor driving under restraint statute, but not § 42-2-206(1), acted with awareness of *People v. Lesh, supra,* and *Jolly v. People, supra. See People v. Green,* 734 P.2d 616 (Colo.1987) (presumption that General As-

sembly is aware of prior decisional law on the subject matter under inquiry).

Indeed, the legislative history of the 1993 amendments suggests that the General Assembly considered the effect of the *Jolly* decision and understood it to require proof that a criminal defendant charged with misdemeanor driving under restraint had actual knowledge that his or her license had been revoked or suspended. *See* Hearings on H.B. 93–1219 before House Transportation and Energy Committee, 59th General Assembly, First Regular Session (Feb. 17, 1993).

Thus, by implementing a constructive knowledge *mens rea* for the misdemeanor offense of driving under restraint, the General Assembly clearly manifested its intent to abrogate the *Jolly* requirement of actual knowledge for that offense. *People v. Hale*, 654 P.2d 849 (Colo.1982) (there is a presumption that when a statute is amended there is an intent to change the law). Conversely, however, because the General Assembly chose not to amend § 42–2–206(1), we must conclude that it intended to leave in place the actual knowledge requirement set forth in *Lesh* and *Jolly* for that offense.

■ The People's assertion notwithstanding, improperly instructing the jury on the required culpable mental state here cannot be deemed harmless.

■ Failure to instruct a jury properly with respect to an element of an offense charged generally constitutes reversible error. *See People v. Williams*, 707 P.2d 1023 (Colo.App.1985); *see also People v. Gracey*, 940 P.2d 1050 (Colo.App.1996).

In addition, here, whether defendant had actual knowledge that his license had been revoked as an habitual offender was strenuously contested at trial. *Cf. Espinoza v. People*, 712 P.2d 476 (Colo.1985) (when element of a crime is not contested at trial, failure to instruct properly on that issue does not constitute plain error). Also, significantly, the record indicates that the jury's questions to the trial court during deliberations reflected confusion as to the proof required to establish the *mens rea* element of the offense.

II.

■ Because it will likely arise upon retrial, we address defendant's claim that the trial court erred by admitting evidence of other traffic offenses and revocations contained in defendant's driving record because the evidence was irrelevant and highly prejudicial. We perceive no error in the trial court's ruling.

■ Under CRE 403, a trial court has discretion to exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice. Absent an abuse of that discretion, a trial court's evidentiary rulings will not be overturned. To establish an abuse of discretion, a defendant must show that the trial court's determination was manifestly arbitrary, unreasonable, or unfair. On review, we must assume the maximum probative value that a reasonable fact-finder might give to the evidence and the minimum unfair prejudice which might reasonably be expected. *People v. Eggert*, 923 P.2d 230 (Colo.App.1995).

Here, defendant's driving record is relevant to establish his knowledge of his status as an habitual offender. On retrial, the jury should be able to consider defendant's record of traffic offenses as circumstantial evidence suggesting that he had actual knowledge that his license had been revoked as an habitual traffic offender.

Although some of defendant's prior offenses involved alcohol, the likelihood that such evidence will cause unfair prejudice in this case is slight because there is no allegation that defendant had been drinking at the time he was apprehended for speeding in this case.

Accordingly, the judgment is affirmed as to the conviction for speeding, reversed as to the conviction for driving after judgment prohibited, and the cause is remanded for a new trial. Upon retrial, the jury shall be instructed that, for purposes of the charge of driving after judgment prohibited, the defendant must have acted "knowingly" as that term is defined in § 18–1–501(6). As to the lesser offense of driving under restraint, the

jury may again be instructed regarding constructive knowledge as set forth in § 42-2-138(4)(a).

METZGER and ROY, JJ., concur.