The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Hector VILLA–VILLA, Defendant–Appellant.

No. 97CA1663.

Colorado Court of Appeals, Div. IV.

June 10, 1999.

Rehearing Denied July 15, 1999.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Lauren A. Edelstein, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, John T. Carlson, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge ROTHENBERG.

Defendant, Hector Villa–Villa, appeals the judgment of conviction entered on a jury verdict finding him guilty of driving after judgment prohibited. We reverse and remand for a new trial.

I.

Defendant first contends that the trial court violated his right to present a defense by precluding his expert from testifying regarding defendant's lack of English comprehension skills. Because we conclude that such testimony was irrelevant as a matter of law, we disagree.

The *mens rea* element for the offense of driving after judgment prohibited is not set forth in § 42–2–206(1), C.R.S.1998. However, in *People v. Parga*, 964 P.2d 571 (Colo. App.1998), announced after the trial in this case, a division of this court held that defendant's actual knowledge of the order of revo-

cation as an habitual offender was an essential element of the offense.

The trial court in *Parga* had instructed the jury that defendant could be convicted not only if he actually knew his license had been revoked, but also if a reasonable person in defendant's position *would have known* that his license was under revocation as an habitual offender. The panel concluded that the instruction was defective because it allowed the jury to convict based on constructive knowledge:

> What is required, therefore, is direct or circumstantial evidence [sufficient] to permit a reasonable factfinder to conclude beyond a reasonable doubt that the defendant had knowledge of the fact of revocation at the time of the driving offense in question.

*People v. Parga, supra,* 964 P.2d at 573. *See* § 42–2–119(2), C.R.S.1998 (records evidencing a copy of notice and certification of mailing to person's last known address constitute *prima facie* proof that person received notice of revocation).

Here, defendant maintains that his lack of comprehension of the Division's letter, solely because of the language barrier, constituted a defense. Consistent with his theory, he proffered an expert who would have testified that defendant was unable to understand the notice sent because it was written in English and that, because defendant's primary language is Spanish, he lacked actual knowledge of the revocation. The trial court disallowed the expert testimony.

Initially, we note that the extent of defendant's comprehension of English was disputed. There was evidence that he had lived in the United States for over ten years, that he knew sufficient English to obtain a driver's license, and that he had followed several verbal directions given by the arresting officer after he was stopped for driving under the influence of alcohol.

However, even if the evidence is viewed in the light most favorable to defendant and we assume his expert would have testified that defendant lacked proficiency in the English language sufficient to understand the contents of the revocation letter, we conclude that the expert testimony was irrelevant as a matter of law.

Contrary to defendant's contention, the element of actual knowledge in this context does not require that he fully comprehended the letter of revocation that he received. Such an argument, if accepted, would mean that the Division could never revoke the license of an illiterate person or the license of an individual who had received, but had not read, the letter of revocation. Defendant's interpretation would thus lead to absurd results that are contrary to public policy.

We therefore hold that any inability of defendant to read and understand English did not render the notice of revocation insufficient and it did not, as a matter of law, constitute a defense to his knowledge of revocation of his driving privileges. Regardless of whether defendant could read English, once he received the notice, it became his duty to have the letter translated. He cannot rely on his failure to have the notice translated as support for the assertion that he lacked actual knowledge.

We acknowledge that, in this limited context, there may be little, if any, difference between defendant's receipt of actual notice and his actual knowledge of the revocation. *Cf. Powder Mountain Painting v. Peregrine Joint Venture,* 899 P.2d 279, 281 (Colo.App.1994)(defining "actual notice" as including "such notice as is positively proved to have been given to a party directly and personally. . . .").

Our conclusion is in accord with the decisions of courts in other jurisdictions that have rejected analogous contentions based on the defendant's unfamiliarity with the English language.

In *Vasquez v. State,* 700 N.E.2d 1157 (Ind. App.1998), for example, a Spanish-speaking defendant attacked the validity of a prior suspension of his driver's license that was used to convict him of driving after suspension as a habitual traffic offender. There, as here, defendant claimed he lacked knowledge that his driving privileges had been suspended because the notice sent to him was in English, and not in Spanish. However, the Indiana court, refusing to require the Bureau

of Motor Vehicles to issue notices in languages other than English, rejected defendant's contention and affirmed his conviction.

Other courts have concluded that English-only notices put defendants on inquiry notice and place a burden on the defendants to have the notices interpreted to discern their meaning. *See Soberal–Perez v. Heckler,* 717 F.2d 36 (2d Cir.1983), *cert. denied,* 466 U.S. 929, 104 S.Ct. 1713, 80 L.Ed.2d 186 (1984)(rule placing burden of diligence and further inquiry on non-English speaking individual served with a notice in English does not violate due process); *Commonwealth v. Olivo,* 369 Mass. 62, 337 N.E.2d 904 (Mass.1975)(English-only notices of condemnation did not violate due process or equal protection and defendants were on inquiry notice to find out their meaning). *See also Alfonso v. Board of Review,* 89 N.J. 41, 444 A.2d 1075 (1982), *appeal dismissed and cert. denied,* 459 U.S. 806, 103 S.Ct. 30, 74 L.Ed.2d 45 (1982)(requirements of reasonable notice satisfied when notice is sent in English).

As the court explained in *Commonwealth v. Olivo, supra,* 369 Mass. at 71, 337 N.E.2d at 910:

> [D]efendants received adequate notice which, if translated, would have advised them that failure to obey the orders could lead to criminal penalties.... The defendants cannot rely on their failure to have the notice translated, and their resulting ignorance of the actual facts, to avoid criminal conviction.

We agree with the reasoning articulated in these cases and therefore conclude that the trial court did not err in precluding defendant's expert testimony regarding defendant's proficiency in English.

## II.

However, we agree with defendant's contention that a new trial is required because the trial court failed to instruct the jury on the essential element of actual knowledge for driving after judgment prohibited.

■ No error occurs if the jury instructions, when read as a whole, adequately inform the jury of the law. *People v. Coria,* 937 P.2d 386 (Colo.1997); *People v. Backus,* 952 P.2d 846 (Colo.App.1998). But, failure to instruct a jury properly with respect to an essential element of an offense charged generally constitutes reversible error. *See Cooper v. People,* 973 P.2d 1234 (Colo.1999)(applying structural error analysis where error in the jury instruction omits an essential element of the offense).

The elements of the offense of driving after judgment prohibited are, in pertinent part, that defendant, having been found to be an habitual traffic offender by the Division of Motor Vehicles, with actual knowledge of the revocation of his or her privilege to drive, did operate a motor vehicle while the revocation of the Department prohibiting such operation remained in effect.

■ As noted, at the time of defendant's trial, *Parga* had not been announced and the court gave the jury the pattern jury instruction. It stated that the People had to prove defendant had notice of the revocation order, *see COLJI–Crim.* No. 37:03 (1983), but did not mention actual knowledge. The trial court refused defendant's tendered instruction informing the jury that defendant's actual knowledge of the revocation order was an element of the offense.

Because the instruction given left out an essential element of the offense of driving after judgment prohibited, the judgment of conviction must be reversed.

## III.

Given our conclusion that a new trial is required, we do not address defendant's contention that the trial court erred in assessing costs for transcripts and a court-appointed interpreter pursuant to § 21–1–106, C.R.S. 1998, because it failed to make the required finding that defendant was able to pay the expenses. Should the circumstance arise on remand, however, the court should make a finding regarding defendant's ability to pay before ordering costs. *See* § 21–1–106, C.R.S.1998 (requiring court to find that defendant is able to repay all or part of state-supplied expenses).

The judgment is reversed and the cause is remanded for a new trial consistent with the views expressed in this opinion.

Judge NEY and Judge RULAND concur.