## STATE OF CONNECTICUT *v.* LEON TELFORD
### (AC 27162)

Bishop, Harper and Peters, Js.

Argued March 11—officially released June 17, 2008

*William B. Westcott*, special public defender, for the appellant (defendant).

*Margaret Gaffney Radionovas*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Roger S. Dobris*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PETERS, J. In this criminal appeal from a conviction of sexual assault and risk of injury to a child, the defendant contests the admission into evidence of the redacted videotape and transcript of a diagnostic interview of the minor complainant, a twelve year old girl. The interview in question was conducted by a licensed clinical social worker at the Yale Sexual Abuse Clinic at Yale-New Haven Hospital. We conclude that this evidence properly was admitted under the medical exception to the rule against hearsay and affirm the judgment of the trial court.

In a nine count information filed on February 25, 2004, the state charged the defendant, Leon Telford, with three counts of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2), three counts of sexual assault in the third degree in violation of General Statutes § 53a-72a (a) (1) (B) and three counts of risk of injury to a child in violation of General Statutes § 53-21 (a) (2). These charges related to three alleged incidents involving the defendant's conduct with respect to the twelve year old complainant. After a jury trial, the defendant was found guilty only of the charges arising out of one of the three alleged incidents. The trial court sentenced him to a total effective term

of fifteen years, followed by five years of special parole. The defendant has appealed.

The jury reasonably could have found the following facts regarding the incident of sexual abuse for which it found the defendant guilty. On January 8, 2004, the complainant, who was living in New Haven with her aunt, who is her legal guardian, went to visit her mother and siblings at a different address in the city. The defendant, who was living there with her mother, kissed the complainant and abused her sexually by inappropriately touching her breasts and putting his fingers inside her genitalia. Although the complainant protested orally, she did not immediately report the defendant's conduct to anyone else.

Several weeks later, on January 26, 2004, the complainant told an adult volunteer in her after-school program that she had been sexually abused. The school notified the complainant's aunt as well as her mother and the defendant. The defendant and the complainant's mother both responded by accusing the complainant of lying. The school also notified the police department.

On the following day, the complainant was examined by a pediatrician. Although the pediatrician did not find any physical confirmation of an inappropriate sexual encounter, she promptly reported the alleged sexual abuse to an investigator for the department of children and families (department). The department investigator then herself interviewed the complainant, recommended therapy or counseling at the Clifford Beers Clinic and referred the complainant for further evaluation by the Yale Sexual Abuse Clinic.[1]

---

[1] As authorized by the department pursuant to General Statutes § 17a-106a, the Yale clinic provides a multidisciplinary team response to allegations of sexual abuse. The statute provides in relevant part: "(a) The Commissioner of Children and Families, may as department head of the lead agency, and the appropriate state's attorney establish multidisciplinary teams for the purpose of reviewing particular cases or particular types of cases or to coordinate the prevention, intervention and treatment in each judicial district

At the Yale Sexual Abuse Clinic, which is located in the primary care center of Yale-New Haven Hospital, a licensed clinical social worker conducted a videotaped diagnostic interview of the complainant on January 30, 2004. The social worker subsequently discussed this interview with the clinic's pediatric nurse practitioner. Approximately one month later, the nurse practitioner herself interviewed the complainant at the clinic and conducted a physical examination.

At the defendant's trial, the jury heard testimony describing the complainant's allegations of sexual abuse from the complainant herself and from the after-school volunteer, the pediatrician, the department investigator, the social worker and the nurse practitioner. No issue has been raised on appeal about the admissibility of this evidence.[2]

The evidence that is in dispute is the redacted videotape and transcript of the social worker's interview of the complainant at the Yale Sexual Abuse Clinic.[3] At trial, the defendant objected to their admission on two

to review selected cases of child abuse or neglect. The purpose of such multidisciplinary teams is to advance and coordinate the prompt investigation of suspected cases of child abuse or neglect, to reduce the trauma of any child victim and to ensure the protection and treatment of the child. . . ." General Statutes § 17a-106a.

[2] In sexual assault cases, under the doctrine of "constancy of accusation," a complainant's out-of-court statements to third party witnesses are admissible to a limited extent to corroborate the complainant's testimony. See State v. Troupe, 237 Conn. 284, 304, 677 A.2d 917 (1996) (en banc). Statements about the identity of the defendant are admissible under Troupe. Id.; see also C. Tait & E. Prescott, Connecticut Evidence (4th Ed. 2008) § 6.37.2, pp. 388–89 (highlighting potential for prejudice inherent in constancy of accusation doctrine).

In accordance with Troupe, the trial court gave the jury a "constancy of accusation" witness instruction to inform the jury that the testimony of the after-school volunteer and the department investigator was admissible solely to corroborate the complainant's testimony and not for substantive purposes. See State v. Troupe, supra, 237 Conn. 304.

[3] The trial court, having reviewed the evidence, redacted the videotape and transcript during trial.

grounds: (1) the inapplicability of the medical treatment exception to the hearsay rule and (2) the improper bolstering of the complainant's credibility. The defendant renews these objections in his appeal to this court.

## I

## THE MEDICAL TREATMENT EXCEPTION

The defendant maintains, for two reasons, that the medical treatment exception to the rule against hearsay did not justify admitting into evidence the redacted videotape and transcript of the interview of the complainant by the clinical social worker at the Yale clinic. He claims that (1) the record does not establish that the complainant understood her statements in this interview to be part of a process for obtaining medical treatment and (2) because a pediatrician already had examined the complainant, the record demonstrates that the interview was conducted not for diagnostic or treatment purposes, but rather to develop expert testimony to be used at trial. We disagree.

Our Supreme Court recently enunciated a two part standard of review for claims of evidentiary error. In *State* v. *Saucier*, 283 Conn. 207, 926 A.2d 633 (2007) (en banc), the court stated: "To the extent a trial court's admission of evidence is based on an interpretation of the [Connecticut] Code of Evidence, our standard of review is plenary. For example, whether a challenged statement properly may be classified as hearsay and whether a hearsay exception properly is identified are legal questions demanding plenary review. They require determinations about which reasonable minds may not differ; there is no 'judgment call' by the trial court . . . . We review the trial court's decision to admit evidence, if premised on a correct view of the law, however, for an abuse of discretion." (Citations omitted.) Id., 218.

Pursuant to *Saucier*, we first must decide whether the trial court properly interpreted § 8-3 (5) of the Connecticut Code of Evidence (2000), which describes the medical treatment exception to the hearsay rule. This section provides in relevant part: "The following are not excluded by the hearsay rule, even though the declarant is available as a witness . . . (5) . . . A statement made for purposes of obtaining medical treatment or advice pertaining thereto and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof, insofar as reasonably pertinent to the medical treatment or advice."

The legal principles relating to the medical treatment exception are well settled. Admissibility of out-of-court statements made by a patient to a medical care provider depends on whether the statements were made for the purposes of obtaining medical diagnosis or treatment; *State* v. *Kelly*, 256 Conn. 23, 44, 770 A.2d 908 (2001); and on whether the declarant's statements reasonably were related to achieving those ends. *State* v. *DePastino*, 228 Conn. 552, 565, 638 A.2d 578 (1994). The term "medical" encompasses psychological as well as somatic illnesses and conditions. *State* v. *Wood*, 208 Conn. 125, 133–34, 545 A.2d 1026, cert. denied, 488 U.S. 895, 109 S. Ct. 235, 102 L. Ed. 2d 225 (1988).

In sexual abuse cases, statements made by the complainant about the identity of the person causing the injury may be found relevant to proper diagnosis and treatment. *State* v. *Kelly*, supra, 256 Conn. 45; see also C. Tait & E. Prescott, Connecticut Evidence (4th Ed. 2008) § 8.20.4, pp. 522–23. Furthermore, statements made by a sexual assault complainant to a social worker may fall within the exception if the social worker is found to have been acting within the chain of medical care. *State* v. *Cruz*, 260 Conn. 1, 10, 792 A.2d 823 (2002).

The defendant does not take issue with any of these established principles governing the admissibility of evidence under the medical care exception. He argues instead that, under the circumstances of this case, admission of the videotape was an improper application of these principles. Our review of these claims is plenary.[4] *State* v. *Saucier*, supra, 283 Conn. 218.

A

The defendant first claims that the medical care exception did not authorize admission of the videotape into evidence because the state did not establish that the complainant understood that her statements to the clinical social worker at the Yale Sexual Abuse Clinic were part of a process for her medical diagnosis or treatment. In his view, a predicate for the applicability of the hearsay exception is evidence that the declarant subjectively understood that she was describing what had happened to her so that she would obtain treatment. The state argues, in response, that such a subjective understanding need not be proven if the objective circumstances of the interview would support an inference that a juvenile declarant knew of its medical purpose.[5] We agree with the state.

Although "[t]he medical treatment exception to the hearsay rule requires that the statements be both pertinent to treatment and motivated by a desire for treatment"; *State* v. *Dollinger*, 20 Conn. App. 530, 535, 568

---

[4] We apply the abuse of discretion standard of review to the defendant's bolstering claim in part II.

[5] The state also contends that the defendant did not preserve this claim at trial because he did not raise this specific ground in his challenge to the admissibility of the evidence in the trial court. The trial transcript reveals, however, that the defendant objected to the hearsay evidence on the ground that the declarant's statements to the social worker were not made "for the purpose of . . . a person seeking medical treatment." The claim merits review because the question of whether the complainant was seeking treatment falls within the scope of his objection at trial.

A.2d 1058, cert. denied, 215 Conn. 805, 574 A.2d 220 (1990); in cases involving juveniles, our cases have permitted this requirement to be satisfied inferentially. For instance, in *State* v. *Maldonado*, 13 Conn. App. 368, 372, 536 A.2d 600, cert. denied, 207 Conn. 808, 541 A.2d 1239 (1988), a Spanish speaking hospital security guard who was assisting an examining physician in taking the medical history of a three year old sexual abuse victim was permitted to testify about the victim's nonverbal assertions that indicated that her father had sexually abused her. We reasoned that the child's representations were reliable in light of her awareness that the security guard was questioning her on behalf of the examining physician and that she had a condition that necessitated medical treatment. Id. Similarly, in *State* v. *Dollinger*, supra, 536, a case involving a two year old victim, we observed: "Even if [the victim] was too young to formulate consciously the motive of advancing her own health by being truthful with the doctor, the facts and circumstances here are consistent with that purpose. [The victim's] complaint of pain, coupled with the physical manifestations of injury could have led the doctor, an expert in child sexual abuse, to conclude that the child was aware of her discomfort and her need for medical attention."[6]

---

[6] We note that because of the difficulty of determining whether a child subjectively understood the purpose of his or her statements, some jurisdictions have declined to apply the medical treatment exception in cases involving young children. See, e.g., *Webb* v. *Lewis*, 44 F.3d 1387, 1390–91 (9th Cir. 1994), cert. denied, 514 U.S. 1128, 115 S. Ct. 2002, 131 L. Ed. 2d 1003 (1995); *United States* v. *White*, 11 F.3d 1446, 1450 (8th Cir. 1993) (insufficient evidence to establish that child-complainant understood social worker was conducting interview in order for social worker or another to provide medical diagnosis or treatment); *Ring* v. *Erickson*, 983 F.2d 818, 820 (8th Cir. 1993) (no evidence that child knew she was talking to physician); *State* v. *Wade*, 136 N.H. 750, 756, 622 A.2d 832 (1993) (state failed to establish that child understood medical purpose of examination). Other jurisdictions, however, have looked to objective record evidence to determine whether the child declarant had the proper treatment motive. See, e.g., *United States* v. *Renville*, 779 F.2d 430, 438–39 (8th Cir. 1985) (physician explained purpose of examination to eleven year old complainant); *State* v. *Dever*, 64 Ohio St.

In this case, the complainant's testimony permitted an inference that she understood that her statements to the social worker were made for the purpose of treatment. Prior to the state's proffer of the redacted videotape and transcript into evidence, the complainant had testified that the defendant had touched her breasts and inside her genitalia and that this conduct had caused her to feel "upset," "mad" and "scared." In addition, when later shown an exhibit of a female body diagram, the complainant testified that she had first seen the diagram at Yale-New Haven Hospital, where she had talked to a woman about the sexual abuse. Given this testimony, and in light of our precedents, the trial court properly ruled that the complainant's statements were admissible under the medical treatment exception to the rule against hearsay.[7]

### B

In the alternative, the defendant claims that the court misapplied the medical treatment exception in admitting the redacted videotape and transcript into evidence because the interview had been conducted for a forensic rather than for a medical purpose. Relying on the fact that the pediatrician's examination of the complainant had disclosed no physical evidence that she had been sexually abused, the defendant opines that there was no necessity for further examination of the complainant's mental or physical health. From this hypothesis, the defendant infers that the clinical social worker

---

3d 401, 410, 596 N.E.2d 436 (1992) ("[o]nce the child is at the doctor's office, the probability of understanding the significance of the visit is heightened and the motivation for diagnosis and treatment will normally be present"), cert. denied, 507 U.S. 919, 113 S. Ct. 1279, 122 L. Ed. 2d 672 (1993).

[7] In overruling the defendant's objection to the admission of this evidence, the trial court stated that "under these circumstances, where the statement is made by the declarant . . . in a hospital, in a clinic, to a person who is part of a . . . medical services team . . . the person seeking medical treatment, i.e., the young girl is likely to want to tell the truth." The court also observed that the complainant "was plainly in a position where she was seeking medical treatment."

at the Yale Sexual Abuse Clinic was motivated to interview the complainant not by concerns about the victim's mental or physical health but by a desire to educate a nurse who was her colleague at the clinic so that the nurse subsequently would be able to present expert testimony at the defendant's trial.[8] We disagree.

As an initial matter, it is questionable whether the defendant adequately preserved this claim for appellate review. At trial, the defendant objected to the admission of the videotape and the transcript on the ground that the pediatrician's prior medical examination and the social worker's admission that she was not herself a medical treatment provider demonstrated the inapplicability of the medical exception to the hearsay rule. This objection was at best tangential to his present claim that the videotape served no medical purpose but was produced to assist a nurse at the clinic in obtaining information for her own subsequent interview of the complainant and for her subsequent testimony as an expert witness at trial. See *Daley* v. *McClintock*, 267 Conn. 399, 404–405, 838 A.2d 972 (2004). The defendant does not argue that this claim is of constitutional magnitude and therefore merits *Golding* review; see *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989); or that it is eligible for plain error review. See Practice Book § 60-5; *Sorrentino* v. *All Seasons Services, Inc.*, 245 Conn. 756, 768, 717 A.2d 150 (1998).

Even if we were to reach the merits of the defendant's claim, he could not prevail. Having rejected the defendant's contention that a physician's physical examination of the complainant is dispositive of the complainant's need for further medical counseling, we have established that a fact finder reasonably could have found that the clinic proceedings in this case were conducted for a medically legitimate purpose. Our

---

[8] It is undisputed that the state qualified the nurse as an expert witness.

Supreme Court came to a similar conclusion in *State* v. *Arroyo*, 284 Conn. 597, 632–33, 935 A.2d 975 (2007). On this record, the fact that another medical professional interviewer subsequently had access to the videotape and transcript of the complainant's interview is irrelevant to the admissibility of this documentary evidence at trial. *State* v. *Cruz*, supra, 260 Conn. 10. As a matter of law, it follows that the trial court's evidentiary ruling was proper.

## II

## BOLSTERING

The defendant's final claim on appeal is that the redacted videotape and transcript were inadmissible at trial because this evidence unfairly bolstered the complainant's testimony.[9] Because he raised this claim at trial, it is properly before us for review. We agree, however, with the state that it has no merit.

To prevail on this claim, the defendant must establish that the trial court's admission of the contested evidence was an abuse of the court's exercise of its discretion. *State* v. *Saucier*, supra, 283 Conn. 218. "[T]he trial court has broad discretion in ruling on the admissibility

---

[9] The defendant's argument highlights the potential for undue prejudice arising from repeated iteration of the details of a sexual assault, which was the same concern animating our Supreme Court's decision in *State* v. *Troupe*, 237 Conn. 284, 677 A.2d 917 (1996) (en banc). In *Troupe*, the court narrowed the constancy of accusation exception to the hearsay rule, declaring that "a person to whom a sexual assault victim has reported the assault may testify only with respect to the fact and timing of the victim's complaint; any testimony by the witness regarding the details surrounding the assault must be strictly limited to those necessary to associate the victim's complaint with the pending charge, including, for example, the time and place of the attack or the identity of the alleged perpetrator." Id., 304. The *Troupe* court also made clear, however, that its ruling "does not affect those cases in which the details of a sexual assault complaint are otherwise admissible"; id., 304 n.19; including the medical treatment exception to the rule against hearsay. *State* v. *Williams*, 65 Conn. App. 449, 461, 783 A.2d 53, cert. denied, 258 Conn. 927, 783 A.2d 1032 (2001).

. . . of evidence. . . . The trial court's ruling on evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion. . . . Moreover, evidentiary rulings will be overturned on appeal only where there was an abuse of discretion and a showing by the defendant of substantial prejudice or injustice. . . . This deferential standard is applicable to evidentiary questions involving hearsay, generally . . . and to questions relating to prior consistent statements, specifically." (Citations omitted; internal quotation marks omitted.) *State* v. *Hines*, 243 Conn. 796, 801–802, 709 A.2d 522 (1998).

Emphasizing that his conviction was based entirely on the credibility of the complainant's testimony about a single incident, the defendant urges us to take a critical view of the state's use of the medical evidence adduced in the complainant's videotaped interview. In his view, the videotape was both prejudicial and nonessential, because it simply corroborated the complainant's testimony at trial.

The state emphasizes, however, that the defendant has not argued that the videotape evidence should have been excluded because it was irrelevant. As the state persuasively argues, viewing the videotape permitted the jury to scrutinize the complainant's version of events at a point in time much closer to the events themselves than her trial testimony.

Furthermore, the defendant has not cited any authority in support of his contention that relevant evidence is inadmissible simply because it is corroborative. His argument perhaps can be read as an implied criticism of the doctrine of constancy of accusation as articulated in *State* v. *Troupe*, 237 Conn. 284, 304, 677 A.2d 917 (1996) (en banc), but he has not raised that issue in this appeal. Without a plausible claim that the trial court's evidentiary ruling deviated from the strictures set out

in *Troupe*, the defendant has not established an abuse of discretion in the court's admission of the transcript and the videotape into evidence in this case.

The judgment is affirmed.

In this opinion the other judges concurred.