The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

John Paul CLAY, Defendant–Appellant.

No. 02CA0928.

Colorado Court of Appeals,
Div. II.

May 8, 2003.

Certiorari Denied Aug. 18, 2003.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2002.

Ken Salazar, Attorney General, Karen E. Lorenz, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Katherine Brien, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge NEY.

Defendant, John Paul Clay, appeals the order of restitution imposed as part of his sentence to probation. We affirm.

Pursuant to a plea agreement, defendant pled guilty to amended counts of attempted first degree aggravated motor vehicle theft and driving while ability impaired. The court sentenced him to two years probation and six months house arrest. The court also ordered him to pay restitution to the towing company that had impounded the stolen vehicle. However, the court deferred ruling on the amount of restitution owed.

When the prosecution requested $1480 in restitution, defendant objected, and a hearing on the matter was held. At the hearing, the owner of the towing company testified that he had picked up the stolen vehicle at the police department's request and had stored it on his lot for ninety-two days before releasing it under court order to the vehicle's owner. He testified that the total charges incurred were $1480: $100 for towing, and $1380 for storage ($15 per day for ninety-two days). However, because the court had subsequently paid him $80, the balance due was $1400.

The owner of the towing company also testified that the owner of the vehicle had contacted him approximately three to five days after the vehicle was impounded and that he told her at that time she could pick up the vehicle if she paid the charges incurred and obtained a release form from the police department. The owner of the vehicle declined to pay any impound charges, stating that it "wasn't her place" to do so.

Following this testimony, defense counsel argued that the towing company was not a victim for purposes of restitution because it did not fall within the specific examples cited in the restitution statute. Counsel argued further that, even if the towing company was a victim for purposes of restitution, defendant was not responsible for the entire $1400. Counsel acknowledged that defendant was responsible for the $100 towing charge and up to $75 in storage fees for the first five days of storage, but that he was not responsible for any charges beyond that because he was not the cause of those additional charges.

The court rejected defendant's arguments and ordered him to pay the towing company $1400 in restitution.

On appeal, defendant reasserts his contention that the towing company is not a victim for purposes of restitution. He also contends that he was not the "proximate cause" of the towing company's alleged losses because there were other intervening causes: (1) the police department's use of a private company to impound the vehicle; (2) the vehicle owner's refusal to pay the impound charges and retrieve her vehicle after the first five days of impoundment; and (3) the vehicle owner's failure to obtain a timely court order to release the vehicle. We disagree.

Section 18–1.3–205, C.R.S.2002 (formerly § 16–11–204.5), provides that the trial court is required, as a condition of every sentence to probation, to order the defendant to "make full restitution" pursuant to the provisions of §§ 18–1.3–601, et seq., and 16–18.5–101, et seq., C.R.S.2002.

"Restitution," as defined in § 18–1.3–602(3)(a), C.R.S.2002 (formerly § 16–18.5–102(3)(a)), is "any pecuniary loss suffered by a victim . . . [that is] proximately caused by an offender's conduct and that can be reasonably calculated and recompensed in money."

The term "victim" is defined in § 18–1.3–602(4)(a), C.R.S.2002 (formerly § 16–18.5–102(4)(a)), as "any person aggrieved by the conduct of an offender."

 "Proximate cause" is "a cause which in natural and probable sequence produced the claimed injury" and "without which the claimed injury would not have been sustained." *People v. Stewart*, 55 P.3d 107, 116 (Colo.2002); CJI–Crim. 9:10, 9(3) (1983). However, unlawful conduct that is broken by an independent intervening cause cannot be the proximate cause of an injury. *People v. Stewart, supra.*

 An independent intervening cause "is an act by an independent person or entity that destroys the causal connection between the defendant's act and the victim's injury and, thereby becomes the cause of the victim's injury." See *People v. Saavedra–Rodriguez*, 971 P.2d 223, 225–26 (Colo.1998). To qualify as an independent intervening cause, an event must be unforeseeable and one in which the accused does not participate. *People v. Stewart, supra.*

 Here, the evidence presented at the restitution hearing shows that defendant abandoned the stolen vehicle and that the police, upon finding it, properly undertook to safeguard it. To do so, they hired the towing company to move and store the vehicle. Defendant's theft and abandonment of the vehicle was a proximate cause of these efforts and the attendant expenses. Under these circumstances, in our view, this evidence establishes that the towing company is a "victim" for purposes of restitution because it sustained a pecuniary loss as a result of defendant's criminal conduct and is therefore a person aggrieved by the offender's conduct. *See* § 18–1.3–602(3)(a), (4)(a); *cf. People v. Acosta*, 860 P.2d 1376 (Colo.App.1993)(under appropriate circumstances, victim's loss of use of money can be pecuniary damage under the restitution statute, and interest may be awarded as compensation for such damage).

 We also conclude that defendant's act of stealing the vehicle was the proximate cause of the towing company's losses because, without it, such losses would not have been sustained. *See People v. Stewart, supra.* While the police department's failure to impound the vehicle on its own lot and the vehicle owner's failure to retrieve the vehicle earlier may have contributed to the company's losses, there is no evidence that these events were not reasonably foreseeable.

The restitution order is, therefore, affirmed.

Judge MARQUEZ and Judge CARPARELLI concur.