2012 COA 101

The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Aaron MONTANEZ, Defendant–Appellee.

No. 10CA2369.

Colorado Court of Appeals, Div. I.

June 21, 2012.

Daniel H. May, District Attorney, Doyle Baker, Deputy District Attorney, Sharon E. Flaherty, Deputy District Attorney, Colorado Springs, Colorado, for Plaintiff–Appellant.

Douglas K. Wilson, Colorado State Public Defender, Joan E. Mounteer, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge DAILEY.

¶ 1 Pursuant to section 16–12–102(1), C.R.S.2011, the prosecution appeals from the

district court's restitution order. Specifically, the prosecution contends that the court erred when it declined to order defendant, Aaron Montanez, to pay restitution to Memorial Hospital (hospital) for the cost of the victim's sexual assault examination. We agree and, therefore, reverse the restitution order in part and remand with directions.

## I. Background

¶ 2 Defendant was charged with sexual assault on a child, a class four felony, and sexual assault on a child as a part of a pattern of sexual abuse, a class three felony. Defendant, who was nineteen years old at the time, had been dating a fourteen-year-old child when the relationship became sexual. The child's mother and brother discovered defendant and the child together having sexual intercourse, and contacted authorities. Defendant was then arrested.

¶ 3 The following day, mother decided on her own to take the child to the hospital to be examined. Mother signed a form agreeing to be financially responsible for the hospital bill. A sexual assault nurse examiner (SANE) evaluated the child for any injuries, gave her antibiotics and a pregnancy test, and discussed safe sexual practices with her. Notably, the record does not contain information that the SANE collected forensic evidence for the police department.

¶ 4 Defendant pleaded guilty to sexual assault on a child in exchange for the dismissal of the more serious class three felony charge. The district court sentenced him to ten years to life of sex offender intensive supervision probation. See § 18–1.3–1004(2)(a), C.R.S. 2011.

¶ 5 Because the hospital billed mother for the cost of the antibiotics, the pregnancy test, and the SANE examination performed on the child, the prosecution requested that defendant be required to pay restitution in the amount of the bill, which mother had not paid. At the restitution hearing, the district court determined that defendant was responsible for the cost of the antibiotics and the pregnancy test, but it did not impose restitution for the cost of the SANE examination. The court appeared to consider the circumstances here to be the same as those in cases where the police department causes a victim to undergo a SANE examination in order to investigate and gather evidence in sexual assault cases.

## II. Restitution

¶ 6 The prosecution contends the district court erred in denying its request to include the cost of the SANE examination in the restitution order. We agree.

### A. Standard of Review

¶ 7 Under section 18–1.3–603(2), C.R.S.2011, the court shall base its order of restitution on information presented by the prosecution. The prosecution must prove by a preponderance of the evidence that a defendant is liable for the victim's losses in the amount claimed. See People v. Pagan, 165 P.3d 724, 729 (Colo.App.2006).

¶ 8 It is within the trial court's discretion to determine the terms and conditions of a restitution order, and its ruling will not be disturbed absent an abuse of that discretion. See People v. Reyes, 166 P.3d 301, 302 (Colo.App.2007). A trial court abuses its discretion if it misconstrues or misapplies the law. Id. A trial court's determination of the amount of restitution owed will not be disturbed if it is supported by the record. See People v. Robb, 215 P.3d 1253, 1264 (Colo.App.2009).

### B. Statutory Parameters

¶ 9 Restitution is defined as "any pecuniary loss suffered by a victim ... [that is] proximately caused by an offender's conduct and that can be reasonably calculated and recompensed in money." Section 18–1.3–602(3)(a), C.R.S.2011.

¶ 10 Colorado's restitution statutes further provide, in pertinent part:

- As a condition of every sentence to probation, the court is required to order that a defendant make full restitution. § 18–1.3–205, C.R.S.2011;
- "Every order of conviction of a felony ... shall include consideration of restitution." § 18–1.3–603(1), C.R.S.2011;

- A "victim" is defined as any person against whom a felony was perpetrated. § 18–1.3–602(4)(a)(I), C.R.S.2011;

- A victim is also "[a]ny person who has suffered losses because of a contractual relationship with" a person described in section 18–1.3–602(4)(a)(I). § 18–1.3–602(4)(a)(III), C.R.S.2011;

- A "victim" is a person's parent if the person against whom the felony was committed is "incapacitated." § 18–1.3–602(4)(a)(V), C.R.S.2011; and

- "Any 'victim' under the age of eighteen is considered incapacitated . . . ." § 18–1.3–602(4)(c), C.R.S.2011.

Therefore, the child and her mother are "victims" for restitution purposes.

■ ¶ 11 In addition, the hospital is a "victim" because it had a contractual relationship with mother. The prosecution presented evidence that mother signed a "treatment and consent" form at the hospital, whereby she agreed to be financially responsible for payment of all charges incurred. It was undisputed at the restitution hearing that mother had not paid the hospital's bill, and the prosecutor informed the court that, if left unpaid, the hospital would pursue mother for payment.

¶ 12 Therefore, the statutes require full compensation of a "victim's" pecuniary losses, and both mother and the hospital are "victims" under the factual circumstances of this case.

## C. Law Enforcement Expenses

■ ¶ 13 The district court apparently concluded that the cost of the SANE examination was a law enforcement expense that is not compensable under the restitution statutes. "[T]ypically the legislature must specifically include law enforcement costs within the restitution statute for them to be eligible for an award of restitution." *Dubois v. People*, 211 P.3d 41, 46 (Colo.2009).

¶ 14 In addition, under section 18–3–407.5(1), C.R.S.2011, "[a]ny direct cost associated with the collection of forensic evidence from the victim [of a sexual offense] shall be paid by the referring or requesting law enforcement agency." And under section 18–3–407.5(3)(b), C.R.S.2011,

A victim of a sexual offense shall not bear the cost of a forensic medical examination that includes the collection of evidence that is used for the purpose of evidence collection. . . . The division of criminal justice in the department of public safety shall pay the cost of the examination.

¶ 15 Therefore, we must determine whether, under the particular circumstances of this case, the SANE examination performed on the child constitutes a law enforcement expense.

## D. SANE Examinations

■ ¶ 16 In general, law enforcement seeks to have sexual assault victims undergo a SANE examination in order to collect forensic evidence to aid in the investigation and prosecution of the alleged offender. A SANE

is a professional registered nurse who has received specialized forensic education in order to provide comprehensive care to adult, adolescent and child victims of sexual assault. A SANE demonstrates clinical competence in the collection of forensic evidence from both victims of violence as well as perpetrators and has the ability to provide expert testimony in a court of law. SANEs work collaboratively with law enforcement, prosecutors, victim advocates and community agencies.

Beth–El College of Nursing and Health Sciences at University of Colorado, Colorado Springs, http://www.uccs.edu/bethel/sane.html (last visited June 6, 2012) (describing SANE training program).

¶ 17 A SANE "is responsible for completing the entire sexual assault evidentiary exam including crisis intervention, STD prevention, pregnancy risk evaluation and interception, collection of forensic evidence, and referrals for additional support and care." U.S. Department of Justice, Office of Justice Programs, Office for Victims of Crime: Sexual Assault Nurse Examiner Development and Operation Guide 26, http://www.ojp.usdoj.gov/ovc/publications/infores/sane/saneguide.pdf at 26 (last visited June 6, 2012).

¶ 18 Thus, while a SANE is trained to collect forensic evidence for use by law enforcement, he or she also provides other services to victims that do not constitute a law enforcement expense. Here, the evidence at the restitution hearing established that the costs being sought by the prosecution were not related to law enforcement; instead, those costs related, as the district attorney noted, to "general counseling regarding sexual practices and follow-up instructions, discharge instructions ... [g]enerally, what you would expect on a consult of [sic] learning that your child is a victim of sexual assault or sexually active."

### E. Proximate Cause

¶ 19 For a pecuniary loss suffered by a victim to be compensable as restitution, the defendant's conduct must have proximately caused the loss. *See* § 18–1.3–602(3)(a). "Proximate cause" is "a cause which in natural and probable sequence produced the claimed injury" and "without which the claimed injury would not have been sustained." *People v. Stewart*, 55 P.3d 107, 116 (Colo.2002) (quoting CJI–Crim. 9:10, 9(3) (1983)); *see People v. Clay*, 74 P.3d 473, 475 (Colo.App.2003).

¶ 20 Here, the district court included the costs of the antibiotics and the pregnancy test in the restitution order, apparently determining that defendant proximately caused this pecuniary loss. The prosecution, however, also established by a preponderance of the evidence that the examination would never have occurred but for defendant's criminal conduct with the child, because mother otherwise would not have taken the child to the hospital for the SANE examination.

¶ 21 Thus, the cost of the SANE examination here was proximately caused by defendant's conduct.

### III. Conclusion

¶ 22 For these reasons, we conclude that the district court abused its discretion when it refused to award as restitution the $650.25 cost of the SANE examination billed to mother. In so concluding, we emphasize that the unique facts of this case make the SANE examination compensable as a pecuniary loss sustained by the mother here. In the usual case, law enforcement requests such an examination in order to collect forensic evidence, a fact that is not present in this case. When law enforcement requests or directs a victim to undergo a SANE examination, it should be obligated to pay for it. *See* § 18–3–407.5(1), (3)(b).

¶ 23 The restitution order is reversed as to the cost of the SANE examination, and the case is remanded with directions that the district court amend the order to include that cost as restitution to the hospital. In all other respects, the order is affirmed.

Judge TAUBMAN and Judge FOX concur.