2013 COA 38

**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Ivan Joseph SINOVCIC, Defendant–appellant.**

**Court of Appeals No. 11CA0105**

Colorado Court of Appeals, Div. VII.

Announced March 28, 2013

Rehearing Denied April 18, 2013.

Summit County District Court No. 10CR80, Honorable Karen A. Romeo, Judge

John W. Suthers, Attorney General, Ryan A. Crane, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee

Douglas K. Wilson, Colorado State Public Defender, Dale McPhetres, Deputy State Public Defender, Dillon, Colorado, for Defendant–Appellant

Opinion by JUDGE RICHMAN

¶ 1 Defendant, Ivan Joseph Sinovcic, appeals the district court's order assessing prosecution costs against him for hospital

care he received after arrest but before booking. We vacate that part of the order and remand.

## I. Background

¶2 Two officers from the Silverthorne Police Department contacted defendant at his home after receiving a complaint from his tenant that he had been harassing and threatening her. Upon seeing the officers, defendant yelled a profanity at them, got into a fighting stance, and took two steps toward them. An officer told defendant he was under arrest. Defendant retreated to a chair behind a desk, where a ten-inch steak knife lay within reach, and told the officers that he was not going anywhere. Defendant disobeyed numerous commands to stand up and put his hands behind his back, and during the physical struggle that ensued, the officers used a taser gun to subdue and handcuff him.

¶3 Following his arrest, the officers transported defendant to a hospital for treatment. After defendant was medically cleared, the officers transported him to the Summit County Jail, where he was booked.

¶4 Defendant was charged with nine counts and pled guilty to four of them: harassment, menacing, resisting arrest, and assault. Before entry of the plea, the prosecution filed a "Motion for Recovery of Prosecution Costs," explaining that the hospital had billed the Silverthorne Police Department $2,717 "for medical care related to the arrest and tasing of [defendant]."

¶5 The district court accepted defendant's plea and sentenced him to sixty days in jail, four years of probation, and forty hours of community service. At the same time, the court granted the motion seeking recovery of prosecution costs, allowing defendant ten days to object.

¶6 Defendant objected, and the district court held a hearing but sustained its prior ruling. The court concluded that although the hospital costs could not be ordered as restitution or assessed as "the cost of care" under section 18–1.3–701(4), C.R.S.2012, they could be assessed as "the costs of the prose-

cution" under section 18–1.3–701(2)(j), C.R.S. 2012. The court stated:

> I am troubled by ... an outcome where a police department would be responsible for having to pay for an E.R. visit when a person is combative and resistive.... [T]his is directly the result of the prosecution of the defendant. In my mind the prosecution of the defendant is from the time they're contacted to arrest to charged to either plea[ ] or trial.... [I]t doesn't make sense to me that the contact and the arrest [are] not part of prosecuting the defendant. If there was no contact there would be no case. If there was no case there would be no prosecution.... So the Court is going to grant the [People's] motion[,] finding that [the costs are] directly the result of prosecuting the defendant.

¶7 This appeal followed.

## II. Issues on Appeal

▰ ¶8 A court may assess costs only if statutory authority exists to do so. *See People v. Fisher*, 189 Colo. 297, 300, 539 P.2d 1258, 1260 (1975) ("[C]osts in a criminal case must be taxed according to statutes...."); *Leadville Water Co. v. Parkville Water Dist.*, 164 Colo. 362, 364, 436 P.2d 659, 660 (1967) ("At common law costs were not allowed in litigation; they could be recovered only when allowed by statute."); *People v. T.R.*, 860 P.2d 559, 565 (Colo.App.1993) ("Assessing costs [is] strictly a matter of statute, and without statutory authority, the court has no power to require [the defendant] to pay the costs of prosecution."). Defendant contends that no such authority exists in this case.

### A. Standard of Review

▰ ¶9 Whether the district court was authorized to assess the costs here presents a matter of statutory interpretation that we review de novo. *See People v. Rickman*, 178 P.3d 1202, 1206 (Colo.2008) ("Statutory interpretation is a question of law that we review de novo."); *People v. Scoggins*, 240 P.3d 331, 333–34 (Colo.App.2009) (reviewing de novo issue of whether request for costs was timely under section 18–1.3–701, C.R.S.2012), *aff'd by an equally divided court*, 271 P.3d 515 (Colo.2012). District courts have discretion

whether, and in what amount, to assess costs of prosecution that are authorized under section 18–1.3–701(2)(j); nonetheless, whether the court has the statutory authority to assess particular costs as costs of prosecution is an issue of statutory interpretation. *See People v. Palomo*, 272 P.3d 1106, 1110 (Colo. App.2011).

### B. Law

¶ 10 Section 18–1.3–701(1)(a), C.R.S.2012, provides:

> Where any person ... is convicted of an offense, ... the court *shall give judgment in favor of the state of Colorado*, the appropriate prosecuting attorney, or the appropriate law enforcement agency and against the offender ... *for the amount of the costs of prosecution, the amount of the cost of care*, and any fine imposed.

(Emphasis added.)

¶ 11 We analyze this statutory language "to ascertain and give effect to the intent of the General Assembly." *Scoggins*, 240 P.3d at 333. "First, we look to the language of the statute itself, giving words and phrases their plain and ordinary meaning, and reading them in context to construe them according to their common usage." *Id.* In addition, we must "read and consider the statute as a whole and interpret it in a manner giving consistent, harmonious, and sensible effect to all of its parts." *People v. Kovacs*, 2012 COA 111, ¶ 10, 284 P.3d 186.

### 1. Costs of Prosecution

¶ 12 Defendant contends that the district court erred by assessing the hospital costs as costs of prosecution under section 18–1.3–701(2)(j). We agree.

¶ 13 Section 18–1.3–701(2), C.R.S.2012, specifies costs that may be assessed but does not list costs of a defendant's medical care. However, subsection (j) gives district courts discretion to assess "any other reasonable and necessary costs incurred by the prosecuting attorney or law enforcement agency that are directly the result of the prosecution of the defendant."

¶ 14 The statute does not define the terms "costs of prosecution" or "costs incurred ...

that are directly the result of the prosecution of the defendant," and there is no Colorado case law directly informing our inquiry. We find the language of section 18–1.3–701(2)(j) to be unambiguous, making it unnecessary to look beyond the words of the statute. *See Kovacs*, ¶ 11 ("If the statute is unambiguous, we look no further.").

¶ 15 Generally, a "prosecution" is "[a] criminal proceeding in which an accused person is tried." *Black's Law Dictionary* 1341 (9th ed. 2009). A "criminal proceeding in which an accused person is tried" necessarily refers to a legal action based on formal criminal charges. Thus, "costs of prosecution" under section 18–1.3–701 refers to the costs of a formal criminal proceeding.

¶ 16 This reading is consistent with the statute as a whole. In particular, the specifically enumerated prosecution costs listed in section 18–1.3–701(2) are litigation-related costs that are either expressly or impliedly incurred after formal legal charges have been filed against a defendant. *See* § 18–1.3–701(2) (specifically providing for the assessment of prosecution costs such as docket fees, jury fees, court reporter fees, witness fees, and deposition costs). In context, therefore, section 18–1.3–701(2)(j)'s catch-all provision is properly read as applying only to litigation-related costs incurred after the filing of formal legal charges against a defendant.

¶ 17 We also reject for two reasons the People's argument that these expenses are recoverable under 18–1.3–701(2)(c), C.R.S.2012, as payment of fees required to be paid to a sheriff pursuant to section 30–1–104, C.R.S.2012, for "pursuing and capturing" wanted felons. We first note that the law enforcement agency here is not a sheriff's office. Second, the statute on which the People rely applies to pursuing and capturing "prisoners," necessarily referring to a situation after a legal proceeding has commenced. *See* § 30–1–104(1)(aa), C.R.S.2012.

¶ 18 Courts in other jurisdictions applying similar statutes have reached the same result. *See, e.g., State v. Fertterer*, 255 Mont. 73, 841 P.2d 467, 473 (1992) (interpreting statute allowing for the recovery of "ex-

penses specifically incurred by the prosecution ... in connection with the proceedings against the defendant," Mont.Code Ann. § 46–18–232(1), and holding that the statute did not allow for the recovery of investigative costs incurred prior to the filing of the information), *overruled on other grounds by State v. Gatts*, 279 Mont. 42, 928 P.2d 114 (1996); *State v. Twitty*, 85 Or.App. 98, 735 P.2d 1252, 1257 (1987) (holding that under statute allowing for recovery of "costs specially incurred by the state in prosecuting the defendant," Or.Rev.Stat. § 161.665(1), state could recover only costs incurred after formal filing of an information or complaint against defendant, and declining to award cost of a psychiatric evaluation made after arrest but before defendant was indicted).

¶ 19 Here, it is undisputed that the medical treatment was provided before defendant was formally charged and before the criminal proceeding began. Moreover, the costs were incurred to treat defendant's injuries, not to prosecute him. The medical costs, therefore, did not directly result from the criminal proceeding as required by section 18–1.3–701(2)(j). Thus, although the assessed costs were "directly the result of" the officer's tasing of defendant during his arrest, we conclude that neither the tasing—nor, more generally, the arrest—constitutes "prosecution" under section 18–1.3–701(2)(j).

¶ 20 Our conclusion that not all costs relating in any way to an eventual criminal prosecution are recoverable under section 18–1.3–701(2)(j) is informed by the decision in *Palomo*, where a division of this court held that costs related to unsuccessful prosecution of counts against a defendant are not recoverable as costs of prosecution. 272 P.3d at 1112. In holding that costs of prosecution are attributable to particular legal charges, *Palomo* suggests that if particular charges are not pending when the requested costs are incurred, the costs are not recoverable.

■ ¶ 21 Further, although law enforcement agencies, not just prosecuting attorneys, may recover costs incurred as part of the formal prosecution of a criminal defendant, *see, e.g., Scoggins*, 240 P.3d at 333 (allowing recovery of extradition costs); *People v. Fogarty*, 126 P.3d 238, 239–40 (Colo. App.2005); *see also* §§ 18–1.3–701(2)(c), 30–1–104(1)(aa) (allowing sheriffs to recover the costs of "pursuing and capturing" wanted felons), we conclude that section 18–1.3–701(2)(j) does not extend to a law enforcement agency's costs that are not "directly the result of the prosecution" or, as here, are incurred before the formal prosecution began.

¶ 22 Therefore, we conclude that the district court erred in assessing the hospital costs as "costs of prosecution" under section 18–1.3–701(2)(j).

## 2. Cost of Care

■ ¶ 23 The People contend that the assessed hospital costs qualify as "the cost of care" under section 18–1.3–701(1)(a) and (4), C.R.S.2012, and seek affirmance on that alternative basis. We disagree.

¶ 24 Section 18–1.3–701(4) provides, in relevant part,

> Where any person is sentenced to a term of imprisonment, whether to a county jail or the department of corrections, *the court shall order such person to make such payments toward the cost of care* as are appropriate under the circumstances.

(Emphasis added.)

¶ 25 The statute defines "cost of care" as the cost to the department or the local government charged with the custody of an offender *for providing room, board, clothing, medical care, and other normal living expenses for an offender confined to a jail or correctional facility,* or any costs associated with maintaining an offender in a home detention program contracted for by the department of public safety, as determined by the executive director of the department of corrections or the executive director of the department of public safety, whichever is appropriate, or the cost of supervision of probation when the offender is granted probation, ... or the cost of supervision of parole when the offender is placed on parole by the state board of parole, as determined by the court.

§ 18–1.3–701(5)(a), C.R.S.2012 (emphasis added).

¶ 26 The People argue that the hospital costs at issue fall under this statutory defini-

tion of "cost of care" because defendant was in "custody" at the time the costs were incurred, and was *later* "confined to a jail or correctional facility."

¶ 27 We do not read section 18–1.3–701(5)(a) that broadly. Instead, "custody" under that provision is properly read as referring to custody, following sentencing, in "a jail or correctional facility." In other words, we read the statutory definition of "cost of care" to mean the cost incurred by an entity charged with providing housing and caring for an offender in a jail or correctional facility in accordance with the offender's sentence. That reading is buttressed by a clause in section 18–1.3–701(4) that caps the assessable cost of care at the "per capita cost of maintaining prisoners in the institution or facility in which the offender has been residing."

¶ 28 Defendant had not yet been booked into the county jail, nor had he been sentenced, when he received the medical treatment at issue. Because defendant did not receive the treatment during his custody in a jail or correctional facility, the district court properly held that the medical costs do not constitute "cost[s] of care" under section 18–1.3–701(5)(a).[1]

### III. Conclusion

¶ 29 The district court's policy concern that the Silverthorne Police Department should not be required to pay for the treatment of defendant's injuries that flowed from his own criminal conduct is reasonable. Nonetheless, it is the role of the General Assembly to empower trial courts to assess costs to criminal defendants under the circumstances present here. *See Scoggins v. Unigard Ins. Co.,* 869 P.2d 202, 205 (Colo.1994) ("We will not judicially legislate by reading a statute to accomplish something the plain language does not suggest, warrant or mandate."). We may not affirm the assessment of costs that are not provided for by statute. *See Fisher,* 189 Colo. at 300, 539 P.2d at 1260; *Leadville Water Co.,* 164 Colo. at 364, 436 P.2d at 660; *T.R.,* 860 P.2d at 565.

¶ 30 The district court's order is vacated as to the hospital costs, and the case is remanded to the district court to reduce the total assessed fines and costs by $2,717.

Judge BERNARD and Judge J. JONES concur.

---

1. We note that another statute provides for the assessment of "medical treatment charges" against a person held in custody. *See* § 16–3– 401(2), C.R.S.2012. However, since the People did not argue for an assessment under this statute, we do not reach its application to this case.