2014 COA 23

**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**Hank Taylor SIECK, Defendant–**
**Appellant.**

**Court of Appeals No. 12CA1850**

Colorado Court of Appeals,
Div. VII.

Announced March 13, 2014

John W. Suthers, Attorney General, John T. Lee, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee

Douglas K. Wilson, Colorado State Public Defender, Andrea R. Gammell, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant

Opinion by JUDGE VOGT *

Defendant, Hank Taylor Sieck, appeals the order of restitution entered following his conviction for vehicular assault. We affirm.

## I. Background

¶ 1 Defendant was driving a car in excess of 110 miles per hour after consuming alcohol and drugs. He lost control of the car. One of the two passengers (J.P.) was ejected from the car as it rolled over. He sustained a permanent debilitating brain injury.

¶ 2 Defendant pleaded guilty to one count of vehicular assault—driving under the influence, a class four felony, and the district court sentenced him to four years in the Department of Corrections. The prosecution requested $833,194.10 in restitution for medical expenses, out-of-pocket costs, and lost wages related to J.P.'s injuries. Defendant objected and requested a hearing.

¶ 3 At the restitution hearing, defendant did not contest the amount of the damages, but he asserted that J.P.'s failure to fasten his seatbelt constituted gross negligence and, as such, was an independent intervening cause relieving him of responsibility for restitution related to J.P.'s injuries. The court disagreed. It concluded that failure to wear a seatbelt was simple negligence, not an independent intervening cause, and it therefore granted the prosecution's motion for restitution.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24-51-1105, C.R.S. 2013.

## II. Analysis

¶ 4 Defendant contends the trial court erred when it ordered him to pay restitution for losses that were attributable to J.P.'s failure to wear a seatbelt. We disagree.

¶ 5 A trial court has broad discretion in determining the terms and conditions of a restitution order, and its ruling will not be disturbed absent an abuse of that discretion. *People v. Reyes,* 166 P.3d 301, 302 (Colo.App. 2007). As relevant here, a court abuses its discretion when it misconstrues or misapplies the law. *Id.*

¶ 6 "Every order of conviction of a felony, misdemeanor, petty, or traffic misdemeanor offense ... shall include consideration of restitution." § 18–1.3–603(1), C.R.S. 2013. Restitution is defined as "any pecuniary loss suffered by a victim," which includes, among other things, "all out-of-pocket expenses ... and other losses or injuries proximately caused by an offender's conduct and that can be reasonably calculated and recompensed in money." § 18–1.3–602(3)(a), C.R.S. 2013. In the context of restitution, proximate cause is a cause which in natural and probable sequence produced the claimed injury and without which the claimed injury would not have been sustained. *People v. Henson,* 2013 COA 36, ¶ 12, 307 P.3d 1135.

¶ 7 The defendant is to be given the opportunity to controvert the victim's claimed monetary damages. *See People v. Mata,* 56 P.3d 1169, 1176 (Colo.App.2002). However, a trial court is not required to conduct a "mini-trial" on restitution issues and is not obligated to "resolve such questions as comparative negligence or other affirmative defenses" that might apply in a civil suit brought by the victim against the defendant. *People v. Johnson,* 780 P.2d 504, 507 (Colo.1989); *see also People v. Clay,* 74 P.3d 473, 475 (Colo.App.2003) (defendant was ordered to pay full amount of loss in restitution even though other causes contributed to the loss); *People v. Duran,* 991 P.2d 313, 314–15 (Colo.App.1999) (rejecting argument that, like damages in civil case, restitution should be reduced in light of victims' comparative fault).

¶ 8 Although tort concepts such as comparative negligence or comparative fault will not relieve or reduce a restitution obligation, such obligation will be relieved if a third party's conduct amounts to an independent intervening cause. "[U]nlawful conduct that is broken by an independent intervening cause cannot be the proximate cause of an injury." *Clay,* 74 P.3d at 475. To qualify as an independent intervening cause, an event must be unforeseeable and one in which the accused does not participate. *Id.* An independent intervening cause destroys the causal connection between the defendant's act and the victim's injury and thereby becomes the cause of the victim's injury. *People v. Saavedra–Rodriguez,* 971 P.2d 223, 225–26 (Colo.1998).

¶ 9 Simple negligence is foreseeable and does not constitute an independent intervening cause; gross negligence is not foreseeable and thus may serve as an independent intervening cause. *People v. Stewart,* 55 P.3d 107, 121 (Colo.2002); *People v. Reynolds,* 252 P.3d 1128, 1132 (Colo.App.2010).

¶ 10 With regard to a victim's failure to wear a seatbelt, other divisions of this court have held that failure to wear a seatbelt is not gross negligence, and thus is not an intervening cause relieving a defendant of responsibility for criminal conduct. *See People v. McAfee,* 104 P.3d 226, 230 (Colo.App. 2004); *People v. Lopez,* 97 P.3d 277, 281–82 (Colo.App.2004). The *Lopez* division reasoned that the victim's failure to wear a seatbelt neither contributed to the accident nor affected the defendant's driving; and, in the absence of the defendant's conduct, failure to wear a seatbelt would not have caused the injuries. *See Lopez,* 97 P.3d at 281.

¶ 11 While *Lopez* and *McAfee* addressed the seatbelt issue in the context of criminal liability for vehicular assault or vehicular homicide, we find the reasoning in those cases persuasive and equally applicable to determining proximate cause for restitution. Accordingly, because it was defendant's driving that caused the accident and J.P.'s failure to wear a seatbelt did not amount to an independent intervening cause that would relieve defendant of responsibility for restitution related to J.P.'s injuries, the trial court

did not err in granting the prosecution's motion for restitution.

¶ 12 Finally, we note that our conclusion is consistent with provisions of the traffic code related to seatbelt usage. Section 42-4-237(2), C.R.S.2013, makes seatbelt usage mandatory for most drivers and front seat passengers in motor vehicles. Evidence of failure to comply with that requirement can be admitted in a civil trial to mitigate damages for pain and suffering from a motor vehicle accident. § 42-4-237(7), C.R.S.2013; *see Pringle v. Valdez*, 171 P.3d 624, 628 (Colo.2007) ("pain and suffering" in section 42-4-237(7) encompasses all forms of noneconomic loss or injury). However, section 42-4-237(7) goes on to state that evidence of failure to wear a seatbelt "shall not be used for limiting recovery of economic loss and medical payments." Because those types of damages cover the same pecuniary losses addressed by restitution, *see* section 18-1.3-602(3)(a), it follows that evidence of a victim's failure to wear a seatbelt should similarly not be used to limit the amount of restitution for which a defendant is responsible.

¶ 13 The order is affirmed.

CHIEF JUDGE LOEB and JUDGE NIETO concur.