Opinion by JUDGE GABRIEL
¶ 1 Defendant, Bobby Nicky Rogers, appeals the district court's restitution order entered on his conviction after a guilty plea of attempted sexual assault. As an apparent matter of first impression in Colorado, we conclude that the district court erred in ordering Rogers to pay restitution to the Aurora Police Department for a sexual assault nurse examiner (SANE) examination conducted for the purpose of collecting forensic evidence. We further conclude that the record does not support affirming this award on the alternative ground that the cost of the SANE examination was a recoverable cost of prosecution. Accordingly, we reverse the restitution order and remand the case to the district court with directions that the court modify its sentencing order accordingly.
I. Background
¶ 2 According to a police officer's affidavit, Rogers offered the victim a ride in his car. After she accepted, Rogers drove her behind a building, parked, threatened her with a knife, and forced her to perform oral sex on him. After the incident, the victim called the police and was transported to a hospital. Rogers was arrested shortly thereafter, and the victim identified him as the man who had sexually assaulted her.
¶ 3 Rogers subsequently pleaded guilty to attempted sexual assault-overcome victim's will in exchange for a stipulated four-year term of sex offender intensive supervised probation. Thereafter, the prosecution requested $500 in restitution to be paid to the Aurora Police Department for the cost of the victim's SANE examination. Alternatively, the prosecution argued that this cost should be awarded as a cost of prosecution. Over Rogers' objection, the court granted the prosecution's request for the $500 in restitution.
¶ 4 Rogers now appeals.
II. Restitution
¶ 5 Rogers contends that the district court erred in ordering restitution for the cost of the SANE examination. We agree.
A. Principles of Statutory Interpretation
¶ 6 This case requires us to interpret the term "victim" and the phrase "extraordinary direct public ... investigative costs" in the restitution statutes, §§ 18-1.3-601 to - 603, C.R.S.2013. We review these issues of statutory interpretation de novo. See Dubois v. People, 211 P.3d 41, 43 (Colo.2009) (interpreting "victim" de novo); People v. Juanda, 2012 COA 159, ¶¶ 6, 9-13, 303 P.3d 128, 129-30 (interpreting "victim" and "extraordinary direct public ... investigative costs" de novo).
¶ 7 Our primary purpose in statutory construction is to ascertain and give effect to the intent of the General Assembly. People v. Cito, 2012 COA 221, ¶ 14, 310 P.3d 256, 259. We first look to the language of the statute, giving words and phrases their plain and ordinary meanings. Id. We read words and phrases in context and construe them according to their common usage. Id.
*546 ¶ 8 In addition, we must interpret a statute in a way that best effectuates the purpose of the legislative scheme. Id. at ¶ 15, 310 P.3d at 259. When a court construes a statute, it should read and consider the statute as a whole and interpret it in a manner giving consistent, harmonious, and sensible effect to all of its parts. Id. In doing so, a court should not interpret the statute so as to render any part of it either meaningless or absurd. Id. If the statute is unambiguous, we look no further. Id. at ¶ 16, 310 P.3d at 259.
B. Discussion
¶ 9 Rogers asserts that the district court erred in awarding restitution to the Aurora Police Department because (1) the Department was not a "victim," as defined in the applicable version of section 18-1.3-602(4)(a) and the case law interpreting that section; and (2) the costs of the SANE examination were not "extraordinary direct public ... investigative costs" under section 18-1.3-602(3)(b). We address these contentions in turn and agree with both of Rogers' arguments.
1. "Victim"
¶ 10 Section 18-1.3-602(3)(a) provides, in pertinent part, " 'Restitution' means any pecuniary loss suffered by a victim." Under the version of the restitution statute applicable here, "victim" was defined, in pertinent part, as "any person aggrieved by the conduct of an offender." § 18-1.3-602(4)(a). (The current version of the statute expressly extends the definition of "victim" to any person who had to expend resources for the purposes described in section 18-1.3-602(3)(b), which include extraordinary direct public investigative costs, see § 18-1.3-602(4)(a)(VI), but that language was added after Rogers' sentencing in 2013, see Ch. 272, sec. 7, § 18-1.3-602(4)(a)(VI), 2013 Colo. Sess. Laws 1426, 1429, and is inapplicable here.)
¶ 11 "The language 'aggrieved by the conduct of an offender,' is not limitless in its reach and was not intended to include the ordinary expenses of law enforcement." Dubois, 211 P.3d at 46. Thus, in Dubois, our supreme court articulated a general rule that governmental agency expenses are not typically eligible for recovery under the restitution statute absent an express legislative provision authorizing them, unless the underlying criminal statute encompasses the agency as a primary victim. Id. ; accord People v. Padilla-Lopez, 2012 CO 49, ¶ 14, 279 P.3d 651, 654.
¶ 12 Here, the underlying sex assault statute did not encompass the police or any related governmental entity as a primary victim. Cf. Dubois, 211 P.3d at 46 ("[W]e also conclude peace officers are generally entitled to restitution only when the underlying crime defines a peace officer as the victim, as vehicular eluding necessarily does, or have been specifically included by the legislature.").
¶ 13 Nor has the General Assembly authorized recovery of the costs of SANE examinations as restitution. To the contrary, its enactments suggest that the requesting law enforcement agency is to bear the cost of such examinations, at least when the agency conducts them for the purpose of collecting forensic evidence. See, e.g., § 18-3-407.5(1), C.R.S.2013 ("A law enforcement agency with jurisdiction over a sexual assault must pay for any direct cost associated with the collection of forensic evidence from a victim who reports the assault to the law enforcement agency."); § 18-3-407.5 (3)(b), C.R.S.2013 (providing that the division of criminal justice in the department of public safety, not the victim of a sexual offense, shall bear "the cost of a forensic medical examination that includes the collection of evidence that is used for the purpose of evidence collection"); see also People v. Montanez, 2012 COA 101, ¶ 16, 300 P.3d 940, 943 ("In general, law enforcement seeks to have sexual assault victims undergo a SANE examination in order to collect forensic evidence to aid in the investigation and prosecution of the alleged offender.").
¶ 14 Because (1) the SANE examination here was for the purpose of collecting forensic evidence, (2) the applicable version of section 18-1.3-602(3)(a) did not expressly authorize the recovery of SANE examination costs, and (3) the underlying crime did not *547 define the police as a victim, we conclude that the Aurora Police Department was not a "victim" under the applicable version of the restitution statute.
2. "Extraordinary Direct Public ... Investigative Costs"
¶ 15 The foregoing discussion does not end our analysis, however, because under the applicable version of the restitution statute, " '[r]estitution' may also include extraordinary direct public and all private investigative costs." § 18-1.3-602(3)(b). The question thus becomes whether the SANE examination costs at issue here were "extraordinary direct public ... investigative costs." We conclude that they were not.
¶ 16 Although section 18-1.3-602(3)(b) does not define the term, "extraordinary" is commonly defined to mean, "more than ordinary," "not of the ordinary order or pattern," and "going beyond what is usual, regular, common, or customary." Webster's Third New International Dictionary 807 (2002).
¶ 17 Applying this definition here, we perceive nothing in the record to suggest that the cost of the SANE examination at issue was extraordinary. See Montanez, ¶¶ 16, 22, 300 P.3d at 943, 944 (noting that law enforcement generally seeks to have sexual assault victims undergo SANE examinations to collect forensic evidence to aid in the investigation and prosecution of the alleged offender, and describing this scenario as "the usual case"); cf. id. at ¶¶ 18, 22, 300 P.3d at 944 (reversing the denial of restitution for SANE examination expenses on "unique facts," namely, when the examination was not related to law enforcement but rather related to general counseling regarding sexual practices and follow-up instructions).
¶ 18 Accordingly, we conclude that the SANE examination at issue here was not an extraordinary direct public investigative cost under section 18-1.3-602(3)(b).
¶ 19 Juanda, 2012 COA 159, 303 P.3d 128, on which the People rely, is distinguishable. There, a division of this court considered whether "buy money" used in an undercover drug transaction was an extraordinary direct public investigative cost. Id. at ¶ 9, 303 P.3d at 130. The division observed that although undercover drug transactions are common, buy money is an extraordinary cost because it is surrendered not to those who provide goods and services, but to the criminal offender. Id. The division also noted as unusual the fact that the buy money in the case before it was not recovered. See id. at ¶ 8, 303 P.3d at 129 ("Although buy money is often recovered immediately (following the arrest of the dealer), here it was not."). Thus, the government agency was directly aggrieved as a result of the drug transaction at issue. See id. at ¶ 12, 303 P.3d at 130.
¶ 20 Here, in contrast, the Aurora Police Department provided nothing to Rogers. Nor were the costs of the SANE examination part of the very crime at issue. Rather, those costs were incurred to develop forensic evidence.
¶ 21 Accordingly, we conclude that the district court erred in awarding the costs of the SANE examination as restitution here.
III. Costs of Prosecution
¶ 22 As an alternative basis for affirming the district court's $500 award to the Aurora Police Department, the People argue that the SANE examination's cost was recoverable as a cost of prosecution. We are not persuaded.
¶ 23 At the outset, we reject the People's assertion that Rogers waived his right to contest the People's cost of prosecution argument by not addressing that argument in his opening brief. The district court awarded the $500 to the Aurora Police Department solely as restitution; it did not conclude that this cost was awardable as a cost of prosecution. Accordingly, Rogers appropriately addressed only the restitution issue in his opening brief. He was not required to anticipate alternative arguments that the People might address in their answer brief, and he was entitled to respond to any such alternative argument when the People raised it. See Snider v. Town of Platteville, 75 Colo. 589, 591, 227 P. 548, 548 (1924) (noting that the supreme court could consider an argument made in the appellant's reply brief because it was made in response to the appellee's answer brief).
¶ 24 Turning to the merits, although we may affirm a district court's ruling on grounds different from those employed by *548 that court if the alternative grounds are supported by the record, People v. Chase , 2013 COA 27, ¶ 17, 411 P.3d 740, we conclude that the record does not support the People's argument that the cost of the SANE examination was a cost of prosecution.
¶ 25 As pertinent here, a district court has discretion to award as costs of prosecution "any ... reasonable and necessary costs incurred by the prosecuting attorney or law enforcement agency that are directly the result of the prosecution of the defendant." § 18-1.3-701(2)(j), C.R.S.2013. This provision, however, "is properly read as applying only to litigation-related costs incurred after the filing of formal legal charges against a defendant." People v. Sinovcic , 2013 COA 38, ¶ 16, 304 P.3d 1176, 1179.
¶ 26 Here, the record shows that the SANE examination at issue was conducted before formal legal charges were filed against Rogers. Specifically, the record shows that police transported the victim to the hospital on the day of the crime, August 27, 2009 and that formal legal charges were filed against Rogers five days later, on September 1, 2009. Moreover, Rogers asserts on appeal, and the record suggests, that the SANE examination was conducted on the day of the crime, and the People do not contend otherwise.
¶ 27 Accordingly, the record does not support the People's alternative argument that the cost of the SANE examination resulted directly from Rogers' prosecution. See id.
IV. Conclusion and Remand Order
¶ 28 For these reasons, the order awarding the Aurora Police Department restitution in the amount of $500 to cover the cost of the SANE examination is reversed, and the case is remanded with directions that the district court modify its sentencing order to exclude that sum.
JUDGE WEBB and JUDGE KAPELKE* concur.

Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5 (3), and § 24-51-1105, C.R.S.2013.