Opinion by JUDGE HARRIS
¶ 1 The primary issue in this appeal is whether Crim. P. 36, which allows the trial court to correct "clerical" errors in a judgment or order, authorizes the district court to amend a final restitution order to increase the amount of restitution owed by the defendant. We conclude that it does not and, because the amendment was not otherwise authorized under the restitution statute, we vacate the amended order and remand for reinstatement of the original order.
I. Background
¶ 2 In May 2012, defendant, Sean Michael McLain, pleaded guilty to one count of theft.
*1039 The probation department prepared a presentence investigation report (PSIR), in which it indicated that the victim had requested $8159.91 in restitution. The probation officer attached supporting documentation to the PSIR, including a victim impact statement detailing losses totaling $11,012.89 and an insurance reimbursement of $2852.98, as well as a letter from the insurance company confirming a payment of $2852.98, which accounted for the victim's $1000 deductible.
¶ 3 McLain was sentenced in July 2012 to five years in community corrections. At sentencing, the prosecutor did not ask that restitution be ordered in accordance with the PSIR but instead requested that restitution be reserved for thirty days.
¶ 4 The prosecution timely filed its motion for restitution, requesting $1000 for the victim and $2852.98 for the victim's insurance company. McLain informed the court in a response to the motion that he had no objection to the restitution figure. The next day, on August 9, 2012, the court entered a written order stating that "restitution be ordered to [victim] in the amount of $1,000.00 and [insurer] in the amount of $2,852.98." The order contained no additional terms, conditions, or qualifiers, nor did it depart in any way from the prosecutor's requested order.
¶ 5 Nearly ten months later, on June 5, 2013, the prosecutor filed an amended motion to impose restitution pursuant to Crim. P. 36. The prosecutor maintained that she had made a "clerical error" in her original motion by failing to request the $8159.91 in losses referenced in the PSIR.
¶ 6 Without awaiting a response from McLain, the court promptly granted the motion and on June 9, 2013, ordered that the "[victim] be awarded restitution in the amount of $8159.91." Five days later, McLain filed an objection to the prosecutor's request for additional restitution, arguing that the request was untimely under the restitution statute and that Crim. P. 36 did not apply.
¶ 7 The court held a short hearing and determined that it could correct the prosecutor's "[ministerial] error" and amend the order under section 18-1.3-603(3)(a), C.R.S.2015.
II. Discussion
¶ 8 On appeal, McLain contends that the district court could not amend a final order of restitution to increase the amount of his restitution obligation. We agree.
A. Standard of Review
¶ 9 The interpretation of the restitution statute and Crim. P. 36 are issues of law subject to de novo review. People v. Romero, 197 P.3d 302, 305 (Colo.App.2008). In construing either a statute or a rule of procedure, we first look to the language of the provision, giving words and phrases their plain and ordinary meanings. People v. Angel, 2012 CO 34, ¶ 17, 277 P.3d 231. When the language of the statute or rule is clear, so that the drafter's intent can be discerned with reasonable certainty, there is no need to resort to other rules of statutory construction. People v. Dist. Court , 894 P.2d 739, 742 (Colo.1995).
B. Section 18-1.3-603(3)
¶ 10 The district court must consider restitution when it enters a judgment of conviction in a felony case. § 18-1.3-603(1). If restitution is owed to a victim, the order of conviction must include the specific amount of restitution to be paid by the defendant or a requirement that the defendant pay an amount of restitution to be determined within ninety-one days of entry of the order of conviction, unless good cause is shown for extending the deadline. § 18-1.3-603(1)(a) & (b). Before the entry of a restitution order, a defendant has the right to a hearing at which the prosecutor must prove by a preponderance of the evidence that the defendant is liable for the victim's losses in the amount claimed. People v. Montanez, 2012 COA 101, ¶ 7, 300 P.3d 940.
¶ 11 Because restitution is part of a defendant's criminal sentence, once a final sentence is imposed and the defendant has begun serving it, an increase in the amount of restitution ordered violates the constitutional prohibition against double jeopardy. People v. Harman, 97 P.3d 290, 293 (Colo.App.2004). Only if the defendant lacked a "legitimate expectation of finality in the sentence"
*1040 may the sentence be increased without violating double jeopardy rules. Romero v. People, 179 P.3d 984, 989 (Colo.2007).
¶ 12 Consistent with these principles, section 18-1.3-603(3)(a) permits a trial court to increase a restitution order if a final restitution obligation has not been set by the court and additional losses not known to the court or the prosecutor at the time the initial order was issued are later discovered. A request to increase a restitution order under subsection (3)(a) is not subject to the ninety-one-day limitation period set forth in section 18-1.3-603(1)(b). People v. Rockne, 2012 COA 198, ¶ 18, 315 P.3d 172.
¶ 13 The People contend that section 18-1.3-603(3)(a) authorized the district court to increase McLain's restitution obligation, as the original order of restitution "did not foreclose the possibility of further restitution," and the $8159.91 loss figure was not known to the court or the prosecutor at the time the original order was entered. We disagree.
¶ 14 An order is considered final when "it has reached an end-point, 'precluding further controversy,' and 'leaving nothing further for the court to do.' " Id. at ¶ 26 (alterations and citations omitted). Under this standard, the court's original restitution order was final.
¶ 15 The prosecution's original motion requested that a definite and certain amount of restitution be imposed. The prosecutor did not allude to possible future losses, represent that additional amounts might be owing, or ask the court to reserve restitution beyond the thirty-day deadline so that she could investigate whether additional compensation was warranted. After McLain said that he did not object to the proposed amount of restitution, the court adopted the agreed-upon loss figure set forth in the prosecutor's motion and then amended the mittimus to reflect the amount of restitution due. In no way did the court's restitution order indicate that the restitution figure was an initial or tentative calculation or that additional restitution might be ordered.
¶ 16 In Rockne, a division of this court concluded that the original restitution order did not "foreclos[e] the possibility of further restitution" where the trial court acknowledged that an issue regarding the victim's medical expenses had not been resolved and referred the victim to the prosecutor's office to request a supplemental restitution award. Id. at ¶ 27. Based on the trial court's pronouncements, the division concluded that "[a]t no time did the prosecution or the court intimate that the final amount of restitution had been set." Id. at ¶¶ 26-27.
¶ 17 But the converse is true here: at no time did the prosecutor or the court intimate that the amount of restitution was preliminary or subject to any kind of modification. Neither the court nor the prosecutor referenced any possible supplemental restitution, and the court did not condition the finality of the initial order on any future event. Cf. People v. McCann, 122 P.3d 1085, 1087 (Colo.App.2005) (where the district court advised the defendant that the restitution order would become final upon expiration of the time period for objections, the court could amend the order before the deadline). To the contrary, the district court's original restitution order set the final amount of restitution due.
¶ 18 As for whether the information was known to the prosecutor, we do not discern a serious dispute on this issue. Under section 18-1.3-603(3)(a), the prosecutor may not seek supplemental restitution if the additional losses were known to him or her at the time the original order was entered. A prosecutor knows of the losses if he or she has actual knowledge of them at the relevant time. Rockne, ¶ 28 n. 5.
¶ 19 The $8159.91 loss figure was set forth in the PSIR which, by statute, was required to be distributed to both the prosecutor and McLain's lawyer. § 16-11-102(1)(a)(IV), C.R.S.2015 ("No less than seventy-two hours prior to the sentencing hearing, the probation department shall provide copies of the presentence report ... to the prosecuting attorney and defense counsel...."); see also Harman, 97 P.3d at 294 (in determining the amount of restitution, "the trial court should consult the ... presentence reports"). The prosecutor also attached documentation to her amended motion to impose restitution that showed the victim's total losses as $8159.91.
*1041 ¶ 20 The People do not seriously dispute that the information concerning the victim's losses had been made available to the prosecutor at the time of sentencing, or even that the prosecutor reviewed that information before the original restitution order was entered. Instead, the People's position is that the loss information was not "known" to the prosecutor because she did not fully understand the information she reviewed. Full comprehension of the information, however, is not required to satisfy the actual knowledge standard. See People v. Villa-Villa, 983 P.2d 181, 182 (Colo.App.1999) (finding that actual knowledge standard did not require the defendant to fully comprehend a driver's license revocation notice). As the division noted in Villa-Villa, actual knowledge cannot depend on whether a person fully digests the information provided or the recipient of the information would always be able to plead ignorance. Id. In any case, the probation officer had already studied the relevant documents and arrived at the loss figure of $8159.91, which was included in the PSIR.
¶ 21 The original restitution order was final and the additional losses were known to the prosecutor at the time the order was entered. Accordingly, the amount of McLain's restitution could not be supplemented pursuant to section 18-1.3-603(3)(a). Rockne, ¶ 21 (stating that where the "final amount of restitution" has been ordered, the prosecution is barred from obtaining a supplemental restitution order under section 18-1.3-603(3) ).
C. Criminal Procedure Rule 36
¶ 22 Alternatively, the People contend that the district court was authorized to increase the restitution amount under Crim. P. 36.
¶ 23 Rule 36 of the Colorado Rules of Criminal Procedure provides that "[c]lerical mistakes in judgments, orders, or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders."
¶ 24 According to the People, the district court "clearly believed that the original order of restitution was a mistake," and, therefore, the court could correct the mistake by changing the restitution figure from $1000 to $8159.91. But not every mistake in a judgment or order can be corrected under Rule 36 -only "clerical" mistakes fall under the rule.
¶ 25 A trial court loses jurisdiction upon imposition of a valid sentence and cannot thereafter modify a sentence except as specified in Crim. P. 35. People v. Heredia, 122 P.3d 1041, 1043 (Colo.App.2005). Rule 36 carves out an exception to the jurisdictional bar and allows a court to modify a judgment, but only for purposes of correcting a clerical or ministerial error. Cherry v. United States, 489 F.Supp.2d 372, 373 (S.D.N.Y.2007).[1]
¶ 26 Rule 36, therefore, permits only "perfunctory changes" to a sentencing order or judgment. People v. Emeson, 179 Colo. 308, 311, 500 P.2d 368, 369 (1972). The rule authorizes the district court to amend a judgment to conform to the sentence imposed. People v. Glover, 893 P.2d 1311, 1316 (Colo.1995) (A clerical error may be corrected "in order to show the judgment that was actually pronounced."). But Rule 36 does not permit amendment of the sentence itself. United States v. Werber, 51 F.3d 342, 347 (2d Cir.1995). In other words, a trial court may correct a recording or transcription error to effectuate the understanding and intent of the parties and the court, but not to vindicate the court's unexpressed sentencing expectations. Id. ; see also United States v. Guevremont, 829 F.2d 423, 426 (3d Cir.1987) ("[A] clerical error 'must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature.' ") (citation omitted); State v. Rodrigues, 218 P.3d 610, 614 (Utah 2009) (a clerical error is one made in recording a judgment, which results in the entry of a judgment that does not conform to the actual intention of the court, whereas a judicial error is one made in *1042 rendering the judgment, which results in a substantively incorrect judgment).
¶ 27 That Rule 36 applies only to minor, uncontroversial errors is supported by its optional notice provision. Crim. P. 36 ("Clerical mistakes ... may be corrected ... after such notice, if any, as the court orders.") (emphasis added). The district court judge can usually dispense with notice when faced with a Rule 36 motion because correction of a "clerical mistake" should not require clarification from the parties or lead to further adversarial proceedings. See Werber, 51 F.3d at 347.
¶ 28 A "clerical mistake" subject to correction under Rule 36 would have occurred in this case if, for example, the parties had agreed to a restitution figure of $8159.91 and the prosecutor had requested that amount of restitution be imposed, but the court inadvertently transposed the numbers and ordered $1859.91 to be paid to the victim, or if the parties had agreed that McLain would pay the victim $2852 and his insurance company $1000, but the court inadvertently switched the payees.
¶ 29 These examples are consistent with case law concerning modifications to a restitution order. In United States v. Spencer, 513 F.3d 490 (5th Cir.2008), the district court ordered the defendant, at sentencing, to pay $9187 in restitution, but it did not specify how the restitution was to be allocated. The written judgment directed that the defendant pay the victim $1119 and his insurance company $7989, for an (erroneous) total of $9187. Id. at 491. Ten years later, the government moved to modify the restitution amount and the court issued an amended judgment, increasing restitution to the victim by $79 so that the restitution amount in the judgment equaled the total amount imposed at sentencing. The modification was affirmed on appeal because the amendment did not substantively alter the original sentence imposed. Id.
¶ 30 Likewise, in United States v. Portillo, 363 F.3d 1161 (11th Cir.2004), the district court at sentencing ordered the defendant to pay $14,800 in restitution to six victims of the offense. However, contrary to the court's pronouncement, the judgment provided that the defendant would pay restitution to the Georgia Bureau of Investigation. Id. at 1164. After the court amended the judgment to reflect the correct payees, the defendant appealed, arguing that the court's changes were substantive. The court of appeals disagreed, explaining that the amendment did not increase the restitution amount or make the sentence more onerous. Id. at 1165.
¶ 31 Finally, in Rodrigues, 218 P.3d at 612, the defendant agreed to pay child support arrears under a formula set forth in the plea agreement. The PSIR applied the formula and calculated the arrears at $63,507, but at sentencing, the prosecution broke out the amount of restitution by payee which, when combined, totaled only $54,760. It turned out that both the PSIR's restitution figure and the prosecution's figure were mathematically incorrect, so the district court modified the restitution obligation to $65,403.
¶ 32 The supreme court concluded that the trial court had unambiguously intended to order restitution in accordance with the formula provided in the plea agreement, and that its error was "merely one of calculation," rather than a product of "judicial reasoning and determination." Id. at 616. The court emphasized that the modification was permissible only because the defendant had specifically agreed to pay restitution as properly calculated under the formula. Id. ; see also United States v. Dando, 287 F.3d 1007, 1010 & n. 3 (10th Cir.2002) (court could amend judgment to impose restitution under the statute, where the defendant had agreed to pay restitution in the plea agreement and the court had reserved restitution at sentencing, but noting that the government "properly concedes" that Fed.R.Crim.P. 36"do[es] not provide the district court authority to order restitution in this case").
¶ 33 The rule to be gleaned from these cases is that a court may amend a restitution order under Rule 36 only to reconcile the judgment with the unambiguous intent of the parties and the court and, therefore, only in a way that does not alter the amount of restitution that the defendant agreed to pay. A correction under Rule 36 cannot affect the substantive rights of the defendant.
*1043 United States v. Crawley, 463 Fed.Appx. 418, 421-22 (5th Cir.2012) (court could amend judgment to reflect correct restitution payees because the defendant's sentence "remained unchanged" and, therefore, her "substantive rights were not affected").
¶ 34 The cases cited by the People only underscore this principle. See Kailey v. Colo. State Dep't of Corr., 807 P.2d 563, 567 (Colo.1991) (affirming amendment to mittimus under Rule 36 to reflect that defendant's conviction was for sexual assault on a child rather than aggravated incest); People v. Mason, 188 Colo. 410, 412, 535 P.2d 506, 508 (1975) (affirming trial court's amendment to mittimus under Rule 36 where original mittimus had erroneously reversed the penalties imposed on the defendant's two convictions); People v. Turner, 730 P.2d 333, 337 (Colo.App.1986) (same).
¶ 35 Here, the amendment that increased the amount of restitution owed did not merely correct a scrivener's error; it altered McLain's sentence and affected his substantial rights. His sentence became more onerous. Rule 36 does not countenance that result.
¶ 36 Indeed, it is apparent that Rule 36, with its optional notice provision, could not authorize the amendment because McLain was entitled to notice and an opportunity to contest the prosecutor's proposed modified restitution figure. Montanez, ¶ 7. McLain had not agreed to the $8159.91 figure and, therefore, in order to amend the restitution order, the district court would have had to vacate the original order and set the matter for a hearing. But then, of course, the prosecutor's attempt to supplement the restitution obligation would have been barred by section 18-1.3-603(1)(b) and (3)(a), for the reasons we have explained. The People cannot use Rule 36 to do what they are prohibited from doing under the restitution statute.
III. Conclusion
¶ 37 The amended restitution order issued on June 9, 2013, is vacated, and the case is remanded with directions to reinstate the original restitution order from August 9, 2012.
JUDGE HAWTHORNE and JUDGE ROMÁN concur.

Because the state and federal versions of Rule 36 are substantially similar, we may look to federal court decisions for guidance in construing Crim. P. 36. People v. Spykstra, 234 P.3d 662, 666 (Colo.2010).